9 A.3d 185 (2010)
417 N.J. Super. 210
Paul CORTESINI and Thomas Zola, Plaintiffs-Appellants,
v.
HAMILTON TOWNSHIP PLANNING BOARD and Wal-Mart Real Estate Business Trust, Defendants-Respondents.
No. A-3309-09T1.
Superior Court of New Jersey, Appellate Division.
Argued October 13, 2010.
Decided December 14, 2010.
Jeffrey I. Baron argued the cause for appellants (Baron, Riefberg & Brennan, attorneys; Mr. Baron, of counsel; Jeffrey M. Brennan, Voorhees, on the brief). Leo R. Zamparelli, Trenton, argued the cause for respondent Hamilton Township Planning Board.
Gary T. Hall argued the cause for respondent Wal-Mart Real Estate Business Trust (McCarter & English, attorneys; Mr. Hall, of counsel and on the brief; Donald M. Pepe, Newark, on the brief).
*186 Before Judges SKILLMAN, PARRILLO and ESPINOSA.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
This appeal involves the grant by defendant Hamilton Township Planning Board (Board) to defendant Wal-Mart Real Estate Business Trust (Wal-Mart) of land use approvals for the proposed renovation of an existing Wal-Mart store. The primary argument presented by plaintiffs, who are property owners in Hamilton Township, is that the Board's resolution authorizing this renovation is invalid because the approvals did not include a bulk variance authorizing the nonconformity of parts of the existing Wal-Mart parking lot with the parking area setback requirement of the Hamilton Township zoning ordinance. We reject this argument because the nonconformity with the parking area setback requirement is a feature of the existing Wal-Mart parking lot that was authorized by the subdivision and site plan approvals granted by the Board in 2001 and 2002, and the proposed renovation will not increase or otherwise affect that nonconformity. Therefore, plaintiffs' challenge to the land use approvals granted by the Board for this renovation constitutes an untimely collateral attack upon the land use approvals the Board granted in 2001 and 2002 for construction of the original Wal-Mart store.
In 2001, a developer, JDN Construction, applied for site plan approval and associated bulk variances for a large commercial development known as Hamilton Marketplace, located near the intersection of Routes 130 and I-195 in Hamilton Township, which would contain offices, retail stores, and restaurants. After the Board granted this application, the developer also applied for a subdivision approval to enable major retailers who planned to construct stores on the site to own the properties on which their stores would be located.
In establishing the boundaries of the individual retailers' properties within the larger shopping center, the developer drew lot lines that went directly through the proposed parking lot. Although the developer applied for certain bulk variances in connection with its application for subdivision approval, it failed to apply for a variance from a provision of the zoning ordinance that requires parking spaces to be set back fifty feet from lot lines. The Board failed to note this omission and granted the developer's application.
After the developer conveyed the property on which the proposed Wal-Mart store was to be constructed, Wal-Mart was granted an amended site plan approval on June 13, 2002 for the purpose of relocating the entrance, garden center, and loading ramps for its store. This amendment had no effect upon the layout of the parking lot, for which the developer had already obtained subdivision approval without a variance from the parking area setback requirement. Wal-Mart subsequently constructed its existing store in accordance with these approvals.
In early 2009, Wal-Mart decided to renovate its store, which required a new site plan approval by the Board. Consequently, Wal-Mart applied to the Board for site plan approval to demolish 17,701 square feet of the existing building and improvements and to construct a 20,224 square foot addition and 3146 square foot outdoor garden center. This proposed renovation would result in a net increase of 5669 square feet of store space, from the present 156,963 square feet to 162,632 square feet, which would be a 3.61% increase in area. The footprint of the proposed renovated store will closely track the footprint of the existing store. The small areas *187 where the footprint of the renovated store will be expanded are located a significant distance from the areas of the parking lot that fail to conform with the parking area setback requirement.
Wal-Mart's site plan for the proposed renovated store will add forty-six parking spaces. All of these new parking spaces will conform with the parking area setback requirement. Therefore, no variance is required with respect to those parking spaces.
Although Wal-Mart applied for various variances and waivers in connection with the site plan approval required for its proposed renovations, it failed, as in 2001, to apply for a variance from the parking area setback requirement with respect to the existing parking spaces. However, an unidentified person noted during the course of the hearings that the zero setback in parts of the parking lot was "an existing condition approved previously."
The Board granted Wal-Mart's application for site plan approval with associated variances and waivers. The Board's memorializing resolution contained the following statement regarding the nonconformity of some parking spaces in the existing parking lot with the parking area setback requirement:
The Board concludes that the request to allow a zero setback for parking from the property line where fifty (50) feet is required is an acknowledgment of an existing condition that is functioning well and will not have any detrimental impact to the zone plan.
Plaintiffs then brought this action challenging the Board's grant of the site plan and other approvals sought by Wal-Mart for the renovation of its Hamilton Township store. Most of the arguments plaintiffs presented in support of their challenge have not been pursued on appeal and thus do not need to be set forth here. The only arguments plaintiffs presented to the trial court that are also raised on appeal are that (1) the Board's approvals for Wal-Mart's renovations are invalid because they did not include a bulk variance authorizing the nonconformity of part of the existing Wal-Mart parking lot with the fifty-foot parking area setback requirement of the zoning ordinance, and (2) the Board's decision must be reversed because one of Wal-Mart's witnesses, Allen Schectel, previously worked for the Board as its planner.
The trial court issued a lengthy written opinion that rejected these arguments as well as plaintiffs' other arguments and affirmed the resolution granting the land use approvals for Wal-Mart's proposed store renovation. In rejecting plaintiffs' argument that Wal-Mart was required to obtain a variance for the nonconformity of part of the existing parking lot with the parking area setback requirement, the court stated:
[I]n the Board's 2001 Resolution, it took into account both the effect that a zero setback would have on parking as well as the justifications warranting a zero setback, and thereby effectively satisfied the criteria for a variance allowing a zero setback.

I.
An ordinance authorizing a planning board to grant subdivision or site plan approval must include "[p]rovisions ensuring... [c]onsistency of the layout or arrangement of the subdivision or land development with the requirements of the zoning ordinance[.]" N.J.S.A. 40:55D-38(b)(1). Therefore, if a proposed subdivision or site plan fails to conform with any provision of the zoning ordinance, the applicant must secure a variance allowing that nonconformity. See O'Donnell v. *188 Koch, 197 N.J.Super. 134, 143-46, 484 A.2d 334 (App.Div.1984). And if the applicant fails to secure a necessary variance, a subdivision or site plan approval may be challenged on that ground.
When JDN Construction obtained subdivision approval creating the lot on which the Wal-Mart store was subsequently constructed, and Wal-Mart obtained the amended site plan approval for its store, those approvals would have been subject to attack on the ground that the layout of the Wal-Mart parking lot violated the parking area setback requirement of the zoning ordinance and that a variance from this requirement had not been obtained. However, those approvals were not challenged on that ground when they were granted in 2001 and 2002.
Under Rule 4:69-6(b)(3), any challenge to a determination of a planning board must be made within forty-five days of publication of notice of that determination. Plaintiffs' complaint obviously was not filed within this time period.
Plaintiffs do not argue that the time for challenging the 2001 and 2002 land use approvals must be enlarged "in the interest of justice," R. 4:69-6(c), or that the failure of the developer and Wal-Mart to obtain a variance from the parking area setback requirement made the 2001 subdivision and 2002 site plan approvals "utterly void" and hence "subject to collateral attack at any time." Najduch v. Twp. of Independence Planning Bd., 411 N.J.Super. 268, 274, 985 A.2d 663 (App.Div.2009) (quoting Thornton v. Vill. of Ridgewood, 17 N.J. 499, 510, 111 A.2d 899 (1955)). Instead, plaintiffs' argument is that because Wal-Mart was required to obtain a new site plan approval for its proposed renovation of the Hamilton Township store, Wal-Mart was also required to obtain a variance authorizing the nonconformity of its existing parking lot with the parking area setback requirement.
If the proposed location of any of the additional forty-six parking spaces authorized by the site plan approval for the renovated store would violate the parking area setback requirement, a variance would have been required for those parking spaces. However, it is undisputed that the new parking spaces will conform with the parking area setback requirement.
Furthermore, the existing parking spaces that fail to conform with this requirement are all located a substantial distance from the parts of the store where the renovations authorized by the site plan approval will be constructed. Consequently, there is no basis for arguing that the impact of the nonconformity of those parking spaces with the parking area setback requirement will be increased by the renovations. Therefore, as found by the trial court, this nonconformity is a "preexisting condition" that will not be affected by the renovations to the store authorized by the 2009 site plan approval.
Moreover, although the Board did not grant a variance expressly authorizing this nonconformity in the 2001 resolution approving the developer's subdivision application, it did find that the layout of the parking on the site was "consistent with good site design and layout, proper planning, and efficient land utilization[,]" and it reaffirmed in its 2009 resolution that the existing parking lot, including the parts that fail to conform with the parking area setback requirement, is "an existing condition that is functioning well and will not have any detrimental impact to the zone plan." Therefore, it seems clear that if the land use approval applications submitted in either 2001 or 2009 had included an application for a variance from the parking area setback requirement, the Board would have granted that application.
*189 For all these reasons, we conclude that plaintiffs' challenge to the 2009 site plan approval granted to Wal-Mart for the proposed renovation of its Hamilton Township store on the ground that it did not include a variance authorizing the nonconformity of the existing parking lot with the parking area setback requirement constitutes an untimely collateral attack upon the 2001 subdivision and 2002 site plan approvals.

II.
Plaintiffs' second argument is that the site plan approval granted Wal-Mart for the renovation of its Hamilton Township store must be reversed because one of the witnesses who testified in support of Wal-Mart's application was a professional planner, Allen Schectel, who was formerly employed by the Board as its planner. This argument is clearly without merit and only requires limited discussion.
Initially, we note that neither plaintiffs, who did not participate in the hearing before the Board, nor any other party objected to Schectel's testimony. As a result, there is no evidence in the record regarding what plaintiffs claim was a conflict of interest in Schectel's testimony before the Board, and the Board made no findings regarding this subject. Thus, plaintiffs' argument is based solely on their abstract claim that a former employee of a planning board is prohibited for some unspecified period of time from appearing before the Board as a witness for an applicant.
Any alleged conflict of interest by a present or former local government officer or employee is now governed by the Local Government Ethics Law, N.J.S.A. 40A:9-22.1 to -22.5. See Wyzykowski v. Rizas, 132 N.J. 509, 530-33, 626 A.2d 406 (1993); Klug v. Bridgewater Twp. Planning Bd., 407 N.J.Super. 1, 9-10, 968 A.2d 1230 (App.Div.2009); Jock v. Shire Realty, Inc., 295 N.J.Super. 67, 73, 684 A.2d 921 (App. Div.1996), certif. denied, 148 N.J. 462, 690 A.2d 609 (1997). Most provisions of this Law deal with the ethical obligations of present government officers and employees. See N.J.S.A. 40A:9-22.5(a) and -22.5(c) to (h).
The only subsection that imposes any restrictions upon a former local government officer or employee is N.J.S.A. 40A:9-22.5(b), which provides in pertinent part:
No independent local authority shall, for a period of one year next subsequent to the termination of office of a member of that authority:
....
(2) allow a former member of that authority to represent, appear for or negotiate on behalf of any other party before that authority[.]
This subsection did not prohibit Schectel from appearing as a witness before the Board because, even if a planning board is considered an "independent local authority" within the intent of this subsection (an issue it is unnecessary for us to decide), he clearly was not a "former member" of the Board but rather a former employee who was not subject to the restrictions this subsection imposes. Furthermore, even assuming a municipal ethics board could impose similar restrictions upon former employees of the municipality or its agencies as part of a municipal code of ethics adopted in accordance with N.J.S.A. 40A:9-22.21, there is no indication Hamilton Township has imposed such post-employment restrictions upon former municipal employees. Therefore, Schectel's appearance before the Board as a witness did not violate the Local Government Ethics Law.
In addition to the Local Government Ethics Law, the Municipal Land Use Law *190 (MLUL), N.J.S.A. 40:55D-1 to -92, includes an ethical restriction specifically applicable to proceedings before a planning board. N.J.S.A. 40:55D-23(b) provides:
No member of the planning board shall be permitted to act on any matter in which he has, either directly or indirectly, any personal or financial interest.
There is no evidence any member of the Board had any personal relationship with Schectel as a result of his prior employment that required disqualification under this provision. Therefore, the Board properly considered Schectel's testimony together with the other evidence presented at the hearing in granting Wal-Mart's application. See Paruszewski v. Twp. of Elsinboro, 154 N.J. 45, 57-61, 711 A.2d 273 (1998).
Affirmed.